# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID P. SARVEY )
)
) 2: 11-cv-00314
v. )
)
AK STEEL CORPORATION )

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO STAY LITIGATION OF ANY REMAINING CLAIMS PENDING ARBITRATION OR OTHER RESOLUTION OF PLAINTIFF'S CONTRACTUAL GRIEVANCE, with brief in support filed by Defendant, AK Steel Corporation (*Document Nos. 7 and 9*), and the BRIEF AND OPPOSITION filed by Plaintiff, David P. Sarvey (*Document Nos. 11 and 12*). For the following reasons, the Motion will be granted.

### Background

The following background is taken from the Complaint. Plaintiff, David P. Sarvey, age forty-seven (47), is an hourly unit employee of AK Steel's Butler Works located in Butler, Pennsylvania. On March 9, 2011, Plaintiff filed a two-count Complaint against his employer AK Steel Corporation in which he alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq*. and Pennsylvania common law. By Order of Court filed contemporaneously herewith, Plaintiff's Pennsylvania common law claim has been dismissed with prejudice.

Plaintiff alleges that he was suspended without pay for twenty (20) days in January 2010 because AK Steel deemed him an unsafe worker. Plaintiff further alleges that on or about October 11, 2010, he was suspended without pay from the Silicon Anneal department and then

discharged because AK Steel claimed that Plaintiff had created an unsafe work site and worked unsafely. Plaintiff alleges that "[d]ue to a timely filed grievance" and EEOC charges, he was reinstated to employment on February 27, 2011. Plaintiff's Complaint states that although he was reinstated, AK Steel did not provide him with back pay, return him to his old job, or make him financially whole.

In his ADEA claim, Plaintiff alleges that he was disciplined due to his age, forty-seven. The allegations of Plaintiff's complaint closely track the allegations made in a union grievance he filed on November 10, 2010. Plaintiff's grievance, signed by him and his union representative, contends that Plaintiff's October, 2010 suspension was "discriminatory and that it was taken without just cause and due consideration." The grievance seeks to have Plaintiff's suspension revoked and expunged from his record and for Plaintiff "to be made whole in all respects."

Significant to the Court's determination to stay this matter is Section 3 of the Federal Arbitration Act ("FAA"), which provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The United States Court of Appeals for the Third Circuit has held that it is mandatory under Section 3 of the FAA for a court to issue a stay in part because "it relieves the party entitled to arbitrate of the burden of continuing to litigate the issue while the arbitration process is on-going . . . ." *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 270 (3d Cir. 2004).

Section 1 of the FAA excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The United States Court of Appeals for the Third Circuit has held, however, that the FAA does not exclude coverage of arbitration under collective bargaining agreements of workers <u>not</u> involved in the movement of goods in interstate commerce. *Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers of America,* 207 F.2d 45, 452-53 (3d Cir. 1953). *See generally Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 226-72 (3d Cir. 1997) (declaring that *Tenney* is still good law).

Plaintiff does not dispute that the provisions of the Collective Bargaining Agreement ("CBA") apply to him nor does he dispute that his statutory claim of age discrimination is within the scope of the arbitration provisions of the CBA. Rather, Plaintiff's sole argument is that "only this suit will enable Sarvey to recover legal fees and compensatory damages. The grievance will only deal with back pay and will never address attorney fees nor compensatory damages." Br. in Opp'n at ¶ 6.

As Defendant acknowledges, compensatory damages are not available in the grievance-arbitration procedure; however, the ADEA also does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress either. *Comm'r Internal Revenue v. Schleier*, 515 U.S. 323, 326 n.2 (1995); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d Cir. 1977). Attorneys fees are also not available in the grievance-arbitration procedure; however, Plaintiff will not be responsible for any attorneys fees as the Union supplies grievants with counsel in arbitration. Nor will Plaintiff be responsible for any costs of the arbitration as AK Steel and the Union pay the costs, including the arbitrator's fees.

Therefore, it appears that a stay pending arbitration of Plaintiff's grievance is therefore mandatory pursuant to Section 3 of the FAA, unless "the applicant for the stay is [ ] in default in proceeding with such arbitration." Section 3 of the FAA. Plaintiff makes the unsupported allegation that "Defendant has intentionally delayed the Arbitration in this case which could have been bumped forward but was not." Other than Plaintiff's bald assertion, there is nothing before the Court to indicate that Defendant is in "default in proceeding with such arbitration" or any other persuasive reason why a stay should not issue pursuant to the directives of the FAA.

Accordingly, the Court finds that Section 3 of the FAA mandates a stay pending arbitration of Plaintiff's remaining claims. The Motion to Stay Litigation of Any Remaining Claims Pending Arbitration or Other Resolution of Plaintiff's Contractual Grievance is hereby **GRANTED**. It is further **ORDERED** that the parties are to advise the Court of the outcome of the arbitration proceeding immediately upon its conclusion.

So **ORDERED** this 24th day of June, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Dirk D. Beuth, Esquire
Law Office of Neal Alan Sanders
Email: dbeuth@comcast.net

Neal A. Sanders, Esquire
Law Offices of Neal Sanders
Email: lonas@earthlink.net

Peter D. Post, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Email: peter.post@ogletreedeakins.com